IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**CHRISTIAN AMADI WISHOM,**

    **Plaintiff,**

        **v.**                                                **Civil Action No. 3:23cv26**

**SUPERINTENDENT ANDERSON,** *et al.*,

    **Defendants.**

## MEMORANDUM OPINION

Plaintiff, a former Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action. In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). In his current Complaint, Plaintiff does not identify the particular constitutional right that was violated by the defendants' conduct. Plaintiff's current allegations also fail to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Accordingly, by Memorandum Order entered on July 19, 2023, the Court directed Plaintiff to submit a particularized complaint within thirty (30) days of the date of entry thereof. The Court warned Plaintiff that the failure to submit a particularized complaint would result in the dismissal of the action.

More than thirty (30) days have elapsed since the entry of the July 19, 2023 Memorandum Order. Plaintiff failed to submit a particularized complaint or otherwise respond to the July 19, 2023 Memorandum Order. Accordingly, the action will be DISMISSED WITHOUT PREJUDICE.

An appropriate order will accompany this Memorandum Opinion.

Date: 8-30-2023
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge